UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 26-mj-58 (NEB/DTS) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **GILLIAN ETHERINGTON'S** |
| | ) | **MOTION TO DISMISS FOR** |
| GILLIAN ETHERINGTON, | ) | **FAILURE TO STATE AN OFFENSE** |
| | ) | |
| Defendant. | ) | |

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), Gillian Etherington, move this Court for a dismissal of the information for "failure to state an offense."

Federal Rule of Criminal Procedure 7(c) requires that an information "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" An information is sufficient when it contains "the elements of the offense charged, and sufficiently apprises the defendant of what he must be prepared to meet, and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013). A charging document is insufficient when a key element of the charge is not included. *United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001). When determining whether the information has failed to state an offense, the Court must test the information solely on the allegations contained on the face of the information and must not consider evidence outside of the four corners. *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021).

The information in this case charges a single count violating 18 U.S.C. § 111(a)(1). (ECF No. 14). The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

> One, that the defendant forcibly assaulted, in this case a United States Border Patrol Agent;
>
> Two, the assault was done voluntarily and intentionally; and
>
> Three, at the time of the assault, the Border Patrol Agent was doing what he was employed by the federal government to do.

The information tracks the statutory language of 18 U.S.C. § 111(a) and as a result satisfies the first element and third element of the offense. The information clearly alleges Ms. Etherington has been charged with forcible assault (first element) of a Border Patrol Agent (third element). However, the information makes no allegation that addresses the second element the offense. The information's failure to allege a key element (the second element of the offense)is a defect that requires dismissal.

Additionally, while not strictly required, the lack of any alleged facts in the information is particularly problematic in this case because Ms. Etherington was originally charged by felony criminal complaint (ECF No. 1) with violating 18 U.S.C. § 111(b). The misdemeanor information she now faces does not adequately allege a 111(a) offense to provide her with notice of what she needs to defend, nor does it provide her adequate protection to raise double jeopardy defenses in the future. As a result, the information must be dismissed.

3

Dated:  March 5, 2026.                              Respectfully submitted,

*s/ Aaron J. Morrison*

AARON J. MORRISON
Attorney ID No. 0341241
Attorney for Ms. Etherington
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415