UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 26-mj-58 (NEB/DTS) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **GILLIAN ETHERINGTON'S** |
| | ) | **MOTION TO DISMISS FOR LACK** |
| GILLIAN ETHERINGTON, | ) | **OF PROBABLE CAUSE** |
| | ) | |
| Defendant. | ) | |

Gillian Etherington, by and through her attorney, moves this Court, to dismiss the information for lack of probable cause.

On January 7, 2026, at around 4:00 pm Ms. Etherington began to follow a 5-7 vehicle convoy of unmarked United States Border Patrol vehicles. Body Worn Camera videos and interviews of the Border Patrol Agents involved in this incident show that the BPAs were annoyed that Ms. Etherington was following them. The BPAs complained about being followed and complained about Ms. Etherington's purported driving conduct. Despite that many of the BPAs were equipped with BWCs, possessed smart phones, and GoPro cameras, very little of Ms. Etherington's driving conduct was captured on video.

As Ms. Etherington followed the convoy of unmarked vehicles, the BPAs decided to confront Ms. Etherington. To this end the BPAs stopped the vehicle convoy in the middle of the road in the Nokomis neighborhood of Minneapolis. As the Border Patrol vehicles came to a stop, blocking all traffic, a number of BPAs wearing tactical gear, exited the vehicles and approached Ms. Etherington's vehicle. In response to the stop, BWC

1

footage shows Ms. Etherington reverse her vehicle and turn down another road. The BPAs then returned to their vehicles and resumed driving.

A short time later Ms. Etherington's vehicle was spotted following the Border Patrol vehicles again. The BPAs made the decision to stop Ms. Etherington, this time with the intent to use the Border Patrol vehicles to box her in. A few minutes after the decision to stop Ms. Etherington was made, BPAs were able to position their Border Patrol vehicles in front and behind Ms. Etherington's vehicle. The Border Patrol vehicles then stopped Ms. Etherington's vehicle by boxing her vehicle in the middle of the road. As BPAs exited the vehicle, Ms. Etherington tried to drive around the Border Patrol vehicle stopped in front of her. As she passed the Border Patrol vehicle stopped in front of her, she bumped the Border Patrol vehicle and continued to drive away. The Government has produced no reports identifying any damage to the Border Patrol vehicle.

As Ms. Etherington drove from the scene, BPAs reentered their vehicles and began a pursuit of Ms. Etherington that ended when Border Patrol vehicles rammed into her vehicle bringing her to a stop in front of Roosevelt High School. BPAs immediately swarmed Ms. Etherington's vehicle with firearms drawn and broke both door windows of Ms. Etherington's vehicle before forcibly removing her from her vehicle.

Ms. Etherington recognizes that an information, like an indictment, generally cannot be challenged for lack of probable cause. *United States v. Funk*, 412 F.2d 452, 455 (8th Cir. 1969). However, courts also recognize that at times the presumption of probable cause can be set aside when "no reasonable construction can be said to charge the offense." *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). This is such a case.

The information in this case charges a single count violating 18 U.S.C. § 111(a)(1). (ECF No. 14). The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

> One, that the defendant forcibly assaulted, in this case a United States Border Patrol Agent;
>
> Two, the assault was done voluntarily and intentionally; and
>
> Three, at the time of the assault, the Border Patrol Agent was doing what he was employed by the federal government to do.
>
> An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.
>
> "Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. A person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly. In such a case, the threat must be a present one.

In this case, there is no evidence that Ms. Etherington committed an assault to the "person of another". None of the BPAs involved in the attempted stop and seizure of Ms. Etherington were injured. In relation to the second stop and seizure, at least two of the BPAs reported that they did not even see Ms. Etherington hit their vehicle and only heard the noise from the contact. Additionally, no BPA needed to take evasive actions to avoid Ms. Etherington's vehicle. None expressed any fear when interviewed. There is simply

no evidence the Government can produce in this case that establishes probable cause that any agent suffered an injury or that a reasonable agent would have been in fear of immediate bodily harm.

Ms. Etherington recognizes that she is asking the Court to take the rare step to look past the charging document and examine probable cause, but in this case the facts simply do not establish probable cause of a violation of section 111(a)(1). At the motion hearing Ms. Etherington will offer evidence in the form of BWCs and BPAs interviews to support her motion.

Dated: March 5, 2026.                    Respectfully submitted,

                                         *s/ Aaron J. Morrison*

                                         AARON J. MORRISON
                                         Attorney ID No. 0341241
                                         Attorney for Ms. Etherington
                                         107 U.S. Courthouse
                                         300 South Fourth Street
                                         Minneapolis, MN 55415