UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-58 (NEB/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE** |
| GILLIAN ETHERINGTON, | |
| Defendant. | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and John R. Arboleda, Special Assistant United States Attorney, hereby submits its response in opposition to Defendant's Motion to Suppress Evidence (ECF No. 26). Etherington moves this court to suppress evidence and dismiss the case, alleging that federal agents unlawfully stopped, seized and arrested Etherington without reasonable suspicion or probable cause. (ECF No. 26). The Government opposes this motion for the reasons set forth below.

I. **THE DEFENDANT'S MOTION IS FACIALLY INSUFFICIENT**

Although styled as a motion to "suppress" based on alleged illegal seizure or arrest, Etherington's motion does not identify any particular evidence that she claims was obtained as a result of the alleged Constitutional violation. In other words, she does not identify *what* precisely she is seeking to suppress.

This makes her motion facially insufficient. A defendant moving to suppress "bears the initial burden of establishing [a] factual nexus between the constitutional violation and the challenged evidence." *United States v. Marasco*, 487 F.3d 543, 547 (8th Cir. 2007). Because Etherington has failed to even identify the evidence she seeks to suppress—let alone show a nexus between that evidence and the alleged Constitutional violation—this Court should summarily reject her motion.

Instead of seeking to suppress evidence, Etherington seems to argue that the officers' supposedly illegal stop and arrest of her requires "dismissal of this case.'" (ECF No. 26, at 5.) Indeed, dismissal seems to be the only remedy sought in her motion. It is well-settled, however, that a defendant "cannot claim immunity from prosecution simply because his appearance in court was precipitated by an unlawful arrest." *United States v. Crews*, 445 U.S. 463, 474 (1980). The exclusionary rule "delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness," but the charges against the defendant nor the defendant herself are not a suppressible fruit of an unlawful stop or arrest. *Id.* Because the prosecution itself cannot be suppressed, this Court should deny the motion.

## II. THE COURT NEED NOT DECIDE WHETHER THE INTIAL "STOP" WAS VALID, BECAUSE A DEFENDANT'S RESPONSE TO EVEN AN INVALID STOP CAN FORM AN INDEPENDENT BASIS FOR A VALID STOP, ARREST, AND PROSECUTION.

Even if a defendant could seek to dismiss a case based on an illegal stop or arrest, Etherington would still not be entitled to relief. The prosecution in this case is based largely on Etherington's conduct after the allegedly illegal stop. Specifically, as the defendant herself notes, in response to the allegedly illegal "stop," Etherington struck a Border Patrol vehicle with her car and continued to drive away.

The Court does not need to decide whether the attempted "stop" of Etherington was valid because—as the Eighth Circuit has repeatedly held—a defendant's response to even an invalid stop can form an independent basis for a subsequent stop or arrest. *See, e.g., United States v. Flores-Lagonas*, 993 F.3d 550, 560 (8th Cir. 2021) ("a defendant's response to an arrest or *Terry* stop—even an invalid one—may constitute independent grounds for arrest"); *United States v. Smith*, 789 F.3d 923, 929 (8th Cir. 2015); *United States v. Blackmon*, 662 F.3d 981, 985-86 (8th Cir. 2011); *United States v. Collins*, 200 F.3d 1196, 1198 (8th Cir. 2000); *United States v. Dawdy*, 46 F.3d 1427, 1431 (8th Cir. 1995).

In *Smith* for example, the court concluded that a defendant's "resistance by fleeing the scene provided independent grounds for his arrest" after he "fled

3

from the scene of a lawful traffic stop, led officers on a high-speed chase, and abandoned his vehicle." 789 F.3d at 929.  Similarly, in *United States v. Sledge*, the defendant fled police during an allegedly illegal *Terry* stop and pat down. 460 F.3d 963, 965-66 (8th Cir. 2006).  In affirming the denial of the motion to suppress, the Eighth Circuit held:

> In our circuit, resistance to an illegal arrest can furnish grounds for a second, legitimate arrest.  When a defendant commits a new and distinct crime during an unlawful detention, the Fourth Amendment's exclusionary rule does not bar evidence of the new crime.  A contrary rule would virtually immunize a defendant from prosecution for all crimes he might commit that have a sufficient causal connection to the police misconduct.

*Id.* at 966 (internal quotation marks and citations omitted). Here, assuming *arguendo*, that the BPA officers did not have reasonable suspicion as Etherington claims, Etherington's response to the BPA agents' attempted "stop" formed an independent basis for her arrest. The government's complaint and affidavit, along with Etherington's own motion establishes that her vehicle made contact with a federal agent's vehicle in an attempt to "dr[ive] from the scene". (ECF. No. 1, 26).  At that time, probable cause to arrest Etherington for a violation of 18 U.S.C. 111 was established, leading to her lawful arrest. Because the defendant's motion fails as a matter of law, this Court should deny the motion without an evidentiary hearing.

### III. THERE WAS NO SEIZURE AS A MATTER OF LAW UNDER THE 4TH AMENDMENT.

Finally, the defendant's motion fails because Etherington was not "seized" within the meaning of the Fourth Amendment before driving away and striking the officers' vehicle. A Fourth Amendment seizure occurs "when an officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Flores-Lagonas,* 993 F.3d at 559 (citing *Terry v. Ohio*, 392 U.S. 1, 19 n.16, (1968)). A seizure does not occur unless the individual actually submits to the "show of authority." *Id* (citing *California v. Hodari D.*, 499 U.S. 621, 628 (1991)). It is not sufficient for the police to only *attempt* to stop the individual; police must *actually* stop him. *Id*. Indeed, there is no seizure without submission. *Johnson v. City of Ferguson, Missouri*, 926 F.3d 504 (8th Cir. 2019). In the landmark case of *California v. Hodari D.*, the Supreme Court established that a seizure requires *either* physical force, or, where that is absent, *submission* to the assertion of authority. *Hodari* D., 499 U.S. at 626. In arriving at this rationale, the Supreme Court noted:

> "the word seizure" readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful. ("She seized the purse-snatcher, but he broke out of her grasp."). It does not remotely apply, however, to the prospect of a policeman yelling "Stop, in the name of the law!" at a fleeing form that continues to flee. That is no seizure."

*Id.* Here, it is undisputed that neither physical force, nor submission is present. Etherington does not allege that there was application of physical force in "boxing her vehicle in", which is the stop at issue here. (ECF No. 25, 26). Nor does the evidence support that assertion. Additionally, by Etherington's own admission, there is no submission present here since she "passed the Border Patrol vehicle stopped in front of her, [] bumped the Border Patrol Vehicle and continued to drive away." (ECF No. 25, 26). Therefore, as a matter of law, there was no stop or seizure from which the suppression of evidence can result from.

[Intentionally Left Blank]

## **CONCLUSION.**

Because the defendant's motion fails on several independent grounds as a matter of law, the United States respectfully requests that the Court deny Etherington's Motion to Suppress Evidence without an evidentiary hearing.

Dated: March 12, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ John R. Arboleda*

BY: John R. Arboleda
Special Assistant U.S. Attorney