**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 26-mj-58 (NEB/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Gillian Suzanne Etherington (1), | |
| Defendant. | |

Defendant Gillian Suzanne Etherington moves to dismiss the Information for (1) failure to state an offense, (2) lack of probable cause, (3) outrageous government conduct, and (4) duplicity. Dkt. Nos. 24-25, 36-37. She also moves to suppress evidence. Dkt. No. 26. As part of her motion to dismiss based on outrageous government conduct, she requests an evidentiary hearing. Dkt. No. 36.

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." If a motion presents a purely legal fact based on undisputed facts, the Court may resolve it pretrial. *See United States v. Baxter*, 127 F.4th 1087, 1091 (8th Cir.); *see also* Fed. R. Crim. P. 12(d) (allowing the court to rule on a motion involving factual issues so long as the court states its essential findings on the record).

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) permits a defendant to challenge an information for "failure to state an offense." "In ruling on such a challenge, the Court may assume the truth of the government's allegations." *United States v. Quintanilla-Chavez*, 807 F. Supp. 3d 641, 652 (W.D. Tex.); *see also United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination

that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.").

Here, resolution of the pending motion requires the Court to consider disputed factual issues. Because the Court cannot resolve the motion on the present record, an evidentiary hearing is warranted.

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1.      Defendant Gillian Suzanne Etherington's request for an evidentiary hearing (Dkt. No. 36) is **GRANTED**.

2.      Parties shall appear for a status conference on Tuesday, April 28 at 11:00 A.M. to discuss the timing and scope of the evidentiary hearing.


Dated: April 22, 2026                                  s/ David T. Schultz
                                                       DAVID T. SCHULTZ
                                                       U.S. Magistrate Judge